# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | | |
|---|---|---|
| Palmetto State Bank, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.: 1:16-cv-03842-JMC |
| | ) | |
| Marion F. Riley, Jr., M.F. Riley Funeral Home, | ) | |
| Riley's Funeral Home Inc., | ) | |
| | ) | |
| Defendants, | ) | **ORDER AND OPINION** |
| | ) | |
| v. | ) | |
| | ) | |
| Federal Deposit Insurance Corporation, as | ) | |
| Receiver for Allendale County Bank, | ) | |
| | ) | |
| Counter-Defendant. | ) | |
| | ) | |
| Marion F. Riley, Jr., | ) | |
| | ) | |
| Third-Party Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Walker Harter, Jr., Walker Harter, Sr., | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

This matter is before the court on Defendants Marion F. Riley, Jr., M.F. Riley Funeral Home, and Riley's Funeral Home, Inc.'s ("Defendants") Motion to Dismiss Counter-Defendant and Remand. (ECF No. 13.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02, D.S.C., the matter was referred to United States Magistrate Judge Paige J. Gossett for a Report and Recommendation ("Report"). On July 18, 2017, the Magistrate Judge issued a Report recommending that the court deny Defendants' Motion. (ECF No. 37.) For the reasons stated

1

herein, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 37), thereby **DENYING** Defendants' Motion to Dismiss Counter-Defendant and Remand (ECF No. 13).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 25, 2014, the South Carolina Commissioner of Banking declared Allendale County Bank ("ACB") insolvent and appointed the Federal Deposit Insurance Corporation ("FDIC-R") as its receiver. (ECF No. 1 at 2.) The FDIC-R as receiver for ACB succeeded to all rights, titles, powers and privileges of ACB pursuant to 12 U.S.C. § 1821(d)(2)(A). (*Id.*) Also on April 25, 2014, pursuant to a Purchase and Assumption Agreement between the FDIC-R and Plaintiff, Plaintiff purchased certain assets of the failed ACB, including the subject loan, while the FDIC-R retained certain liabilities. (*Id.*)

On March 15, 2016, Plaintiff filed a Complaint against Defendant Marion F. Riley, Jr. in the Allendale County Magistrate's Court for Defendant's failure to make payments on his loan. (*Id.*) On April 28, 2016, Defendant filed his Answer and raised defenses and counterclaims that were based on the actions of Allendale County Bank. (*Id.*) Thereafter, the matter was transferred to the Allendale County Court of Common Pleas because the amount in controversy exceeded the jurisdictional limit of the Magistrate's Court. (*Id.*)

On June 29, 2016, the FDIC-R filed its Motion to Join, or Alternatively, to Intervene in the State Court Action based on the FDIC-R's agreement to indemnify Plaintiff for actions of ACB prior to its closing. (*Id.* at 3.) On September 6, 2016, Plaintiff filed an Amended Complaint that also sought judgment against Defendants M.F. Riley Funeral Home and Riley's Funeral Home, Inc. for loans that are purportedly in default. (*Id.*) On October 3, 2016, the parties, including Defendants, consented to the joinder of the FDIC-R to the action as to Defendants' counterclaims,

and consequently, to the substitution of the FDIC-R for Plaintiff as the only proper counterclaim defendant. (*Id.*) On November 21, 2016, Defendants filed an Amended Answer that did not include any counterclaims, but still included defenses based on the actions of ACB and a request for a set-off. (*Id.* at 4.)

On December 8, 2016, the FDIC-R removed the matter to this court, asserting jurisdiction pursuant to 12 U.S.C. § 1819 (b)(2)(A) & (B). (*Id.*) On January 6, 2017, Defendants filed a Motion to Dismiss Counter-Defendant and Remand, asserting the court lacks subject matter jurisdiction.[1] (ECF No. 13 at 1.)

On January 20, 2017, Plaintiff filed a response in opposition to Defendants' Motion, asserting (1) Defendants have waived their right to seek dismissal of the FDIC-R, (2) regardless of whether Defendants label their allegations as counterclaims or defenses, the FDIC-R is still a necessary and proper party, (3) even if the FDIC-R is dismissed as a party, this court retains subject matter jurisdiction over the action, and (4) strong public policy concerns require this court to deny Defendants' Motion. (ECF No. 17.)

Also on January 20, 2017, the FDIC-R filed a response in opposition to Defendants' Motion, asserting (1) the FDIC-R is a real party in interest and must remain a party to the action, and (2) even if the court finds that the FDIC-R is no longer a proper party to the action, the court nevertheless retains jurisdiction over the entire action. (ECF No. 18.)

On January 27, 2017, Defendants filed a Reply to Plaintiff and the FDIC-R, re-asserting their position in their Motion to Dismiss Counter-Defendant and Remand. (ECF Nos. 19, 20.)

---

[1] Although Defendants' motion does not state so explicitly, the court construes their argument as assuming that the court's sole basis for jurisdiction in this matter is the presence of the FDIC-R as a party pursuant to 12 U.S.C. § 1819(b)(2)(A) & (B), and therefore, dismissal of the FDIC-R would require that the matter be remanded to state court.

On July 18, 2017, the Magistrate Judge issued her Report recommending that the court deny Defendants' Motion because the FDIC-R is a proper and interested party in this matter, and thus the court should retain jurisdiction. (ECF No. 37 at 7.) Defendants were advised of their right to file objections to the Report. (*Id*. at 8.) On August 2, 2017, Defendants filed an Objection to the Report ("Objection"). (ECF No. 40.)

## II. JURISDICTION

A defendant is permitted to remove a case to federal court if the court would have original jurisdiction over the matter. 28 U.S.C. § 1441(a) (2012). A federal district court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Any civil suit in which the FDIC, in any capacity, is a party is "deemed to arise under the laws of the United States." 12 U.S.C. § 1819(b)(2)(A); *see also Bullion Servs, Inc., v. Valley State Bank*, 50 F.3d 705, 707 (9th Cir. 1995). Additionally, when the FDIC is a party, the entire action is deemed to arise under the laws of the United States. *See Fed. Deposit Ins. Corp.*, 58 F.3d 1041, 1045 (4th Cir. 1995).

Further, the FDIC has a statutory right in each case in which it is a party to remove a case from state court to federal court pursuant to the Financial Institution Reform, Recovery and Enforcement Act of 1989, Pub. L. No. 101-73, § 209, 103 State. 1983 *et seq*. Specifically, the FDIC has 90 days from the date it is substituted as a party to remove the action from state court to the appropriate United States district court. 12 U.S.C. § 1819(b)(2)(B).

## III. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The

responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## IV. ANALYSIS

In their Objection, Defendants asserted that the Magistrate Judge erred in failing to fully address the exception to the general rule regarding federal jurisdiction involving the FDIC in 12 U.S.C. § 1819 (b)(2)(D), which Defendants contend applies to this case. (ECF No. 40 at 1.)

12 U.S.C. § 1819(b)(2)(A) provides:

> Except as provided in subparagraph (D), all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States.

12 U.S.C. § 1819(b)(2)(D) provides:

> Except as provided in subparagraph (E), any action–
>
> (i) to which the Corporation, in the Corporation's capacity as receiver of a State insured depository institution by the exclusive appointment by State authorities, is a party other than as a plaintiff;
>
> (ii) which involves only the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution; and

5

(iii) in which only the interpretation of the law of such State is necessary, shall not be deemed to arise under the laws of the United States.

12 U.S.C § 1819 (b)(2)(E), Rule of Construction, provides:

Subparagraph (D) shall not be construed as limiting the right of the Corporation to invoke the jurisdiction of any United States district court in any action described in such subparagraph if the institution of which the Corporation has been appointed receiver could have invoked the jurisdiction of such court.

Defendants contend that there is no federal question or diversity jurisdiction in this case, and thus Plaintiff could not have invoked the jurisdiction of this court.[2] (ECF No. 40 at 2.) Therefore, Defendants assert subparagraph (E) does not apply. (*Id*. at 3.) Defendants give six arguments why the court should look to subparagraph (D), the exception to the rule, and apply it to this case. (*Id*.) Below, the court responds to each argument, pointing the parties to Defendants' failure to meet 12 U.S.C. § 1819(b)(2)(D)(ii), as discussed under Defendants' argument (4).

(1) "the FDIC is acting as a receiver for a failed state-insured bank (Allendale County Bank);" (ECF No. 40 at 3.)

The court does not disagree with this statement, as discussed in the Factual and Procedural section.

(2) "the FDIC was appointed as receiver April 25, 2014, by a state authority (South Carolina Office o[f] Commissioner of Banking);" (ECF No. 40 at 3.)

The court does not disagree with this statement, as discussed in the Factual and Procedural section.

(3) "the FDIC is not a plaintiff;" (ECF No. 40 at 3.)

The court does not disagree with this statement, as discussed in the Factual and Procedural section.

---

[2] In their Objection, Defendants assert that *Plaintiff* could not have invoked the jurisdiction of this court (emphasis added). (ECF No. 40 at 2.) However, the court assumes Defendants meant to name ACB, not Plaintiff, because 12 U.S.C. § 1819(b)(2)(E) does not limit the right of the Corporation to invoke jurisdiction of any United States district court "if the institution of which the Corporation has been appointed receiver could have invoked the jurisdiction of such court." ACB is the institution of which the Corporation has been appointed receiver, not Plaintiff, as Defendants stated.

6

(4) "the lawsuit involves the preclosing rights of the debtors, Mr. Riley and his businesses, namely rights stemming from alleged notes with Allendale County Bank, before the bank was closed and before the FDIC was appointed as receiver;" (ECF No. 40 at 3.)

Defendants' argument here attempts to assert that this case meets subsection (ii) under 12 U.S.C. § 1819(b)(2)(D). However, unlike the rule stated in 12 U.S.C. § 1819(b)(2)(D)(ii), this action does not "involve[] *only* the preclosing rights against the State insured depository institution, or obligations owing to, depositors, creditors, or stockholders by the State insured depository institution" (emphasis added). The action also involves the indemnification of Plaintiff by the FDIC-R. (ECF No. 17-1.) As such, it is irrelevant that Defendants point to the lawsuit involving actions that occurred "before the bank was closed and before the FDIC was appointed as receiver." (ECF No. 40 at 3.) The FDIC-R may be liable to Plaintiff pursuant to the indemnity provision of the Purchase and Assumption Agreement between the two entities. (ECF No. 17-1.) The indemnity provision states in part,

> [T]he Receiver agrees to indemnify and hold harmless the Indemnitees against any and all costs, losses, liabilities, expenses (including attorneys' fees) incurred prior to the assumption of defense by the Receiver pursuant to Section 12.2(d), judgments, fines and amounts paid in settlement actually and reasonably incurred in connection with claims against any Indemnitee based on liabilities of the Failed Bank that are not assumed by the Assuming Institution pursuant to this Agreement or subsequent to the execution hereof by the Assuming Institution or any Subsidiary or Affiliate of the Assuming Institution for which indemnification is provided:
>
> claims based on any action or inaction prior to the Bank Closing Date of the Failed Bank, its directors, officers, employees or agents as such, or any Subsidiary or Affiliate of the Failed Bank, or the directors, officers, employees or agents as such of such Subsidiary or affiliate[.] (*Id*. at 1, 2.)

Therefore, the FDIC-R must indemnify Plaintiff against any liabilities incurred *prior* to its appointment as receiver for ACB (emphasis added). (ECF No. 17-1 at 1.)

Moreover, Defendants' Amended Answer contains multiple defenses to Plaintiff's claims that are based on actions by ACB. (ECF No. 6.) Specifically, the fifth, sixth, eighth, fifteenth,

7

and sixteenth defenses all seek to lessen Defendants' liability based on actions by ACB. (*Id.*) If Defendants were successful in raising those defenses, it could lessen the amount of debt owed to Plaintiff based on the actions of ACB, for which the FDIC-R has agreed to indemnify Plaintiff. Accordingly, the FDIC-R remains a real party in interest in this matter, regardless of whether Defendants' allegations are styled as defenses or counterclaims. *See Pernie v. Bailed Drilling Co. v. Fed. Deposit Ins. Corp.*, 905 F.2d 78, 80 (5th Cir. 1990) ("The designation of FDIC as a proper party stems in part from its obligation to indemnify [the assignee bank] under the terms of the P & A Agreement."). Therefore, the court does not find this argument by Defendants to be viable.

(5) "to decide the case, only the interpretation of the insuring state's law is required; and" (ECF No. 40 at 3.)

Because any civil suit in which the FDIC, in any capacity, is a party is "deemed to arise under the laws of the United States," the court acknowledges that federal question jurisdiction exists. *See* 12 U.S.C. § 1819(b)(2)(A). However, the court does not disagree with Defendants that state substantive law would be applied to decide the case.

(6) "ACB itself could not have invoked federal court jurisdiction." (ECF No. 40 at 3.)

The court does not disagree with this statement because there would not have been diversity of citizenship between ACB and Defendants or a federal question at issue.

Based on the above analysis, the court does not find that the exception in 12 U.S.C. § 1819(b)(2)(D) applies in this case. The FDIC-R is a necessary party to this action, and thus the court retains jurisdiction over this matter.

## V. CONCLUSION

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law. The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 37). Defendants' Motion to Dismiss Counter-Defendant

and Remand is **DENIED** (ECF No 13).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

September 19, 2017
Columbia, South Carolina