IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Palmetto State Bank,<br><br>        Plaintiff,<br><br>v.<br><br>M. F. Riley Funeral Home, Riley's Funeral Home, Dorothy S. Riley, *as Personal Representative of the Estate of Marion F. Riley, Jr.*,[1]<br><br>        Defendants,<br><br>v.<br><br>Federal Deposit Insurance Corporation, *as Receiver for Allendale County Bank*,<br><br>        Counter-Defendant.<br><br>Dorothy S. Riley, *as Personal Representative of the Estate of Marion F. Riley*,<br><br>        Third-Party Plaintiff,<br><br>v.<br><br>Walker Harter, Jr., Walker Harter, Sr.,<br><br>        Third-Party Defendants. | Civil Action No.: 1:16-cv-03842-JMC<br><br>**ORDER** |

This matter is before the court for review of Defendants M. F. Riley Funeral Home, Riley's

---

[1] On August 1, 2018, Plaintiff Palmetto Bank ("Palmetto Bank") filed a Consent Motion to Substitute Party, which sought to replace Marion F. Riley, Jr. with Dorothy S. Riley because of the former's death. (ECF No. 94.) The court granted Palmetto Bank's Consent Motion on August 2, 2018. (ECF No. 99.)

Funeral Home, and Dorothy S. Riley's (collectively, "Defendants") Motion for Remand filed on December 20, 2018. (ECF No. 114.) Defendants argue that this case must be remanded to the Allendale County Court of Common Pleas because "there is no longer any federal question jurisdiction." (*Id.* at 1.) To date, Defendants' Motion is unopposed by any party within this action. For the reasons set forth herein, the court **GRANTS** Defendants' Motion for Remand (ECF No. 114) and **REMANDS** this matter to the Allendale County Court of Common Pleas for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 25, 2014, the South Carolina Commissioner of Banking ("the Commissioner") found that the Allendale County Bank ("the Bank") "failed to take the corrective actions required of the Bank as set forth in the Consent Order, FDIC-12-69b issued by the [Federal Insurance Deposit Commissioner] [("FDIC")] and the State Board [of Financial Institutions] [("the State Board")] on July 29, 2013." (ECF No. 1-1 at 1.) The State Board concluded that the Bank was "insolvent and that the continued operation of the Bank is likely to result in an inability to meet the demands of depositors." (*Id.*) Accordingly, the State Board recommended the closure of the Bank, revocation of the Bank's charter, and seizure of the Bank by the Commissioner. (*Id.*) Also on April 25, 2014, the Commissioner requested the FDIC to "immediately accept appointment as Receiver of Allendale County Bank . . . ." (ECF No. 1-2 at 1.) The FDIC accepted its appointment on this same day. (ECF No. 1-3 at 1.) In addition to accepting its appointment, the FDIC executed a Purchase and Assumption Agreement ("the P&A") between itself, as Receiver for the Allendale County Bank, and Plaintiff Palmetto State Bank ("Palmetto Bank"). (ECF No. 1-5 at 40.) As part of the P&A, the FDIC would provide indemnification to Palmetto Bank for "any and all costs, liabilities, expenses (including attorney's fees) incurred prior to the assumption of defense by the

2

[FDIC] . . . based on liabilities of the Failed Bank that are not assumed by [Palmetto Bank] pursuant to this [P&A] or subsequent to the execution hereof . . . ." (ECF No. 1-4 at 1.)

Palmetto Bank originally filed its Complaint against Decedent Marion Riley, Jr.[2] ("Decedent Riley") in the Allendale County Magisterial Court on February 26, 2016. (ECF No. 1-5 at 1.) Within its Complaint, Palmetto Bank submits that Decedent Riley failed to pay a loan, dated September 25, 2012, in the amount of seven thousand four hundred thirty dollars and zero cents ($7,430.00) and is responsible for the court cost filing of seventy dollars and zero cents ($70.00). (*Id.*) In other words, Palmetto Bank seeks to "collect debts" owed by Defendants. (*Id.* at 54.) Decedent Riley filed his Answer on April 28, 2016, bringing numerous defenses, and filed a counter-claim against Palmetto Bank for ten thousand dollars and zero cents ($10,000.00). (*Id.* at 12–13.) In addition, Decedent Riley requests that the action be removed to the Allendale County Court of Common Pleas. (*Id.* at 12.) On June 17, 2016, FDIC requested the state court to permit its intervention in the action, arguing that it was the proper party to litigate Decedent Riley's counterclaims. (*Id.* at 20–32.) By August 31, 2016, the parties were litigating in the Allendale County Court of Common Pleas, and Palmetto State Bank formally amended its Complaint to include the current Defendants and request judgment in the amount of sixteen thousand three hundred thirty-five dollars and thirty-two cents ($16,335.32).[3] (*Id.* at 53–59.) The Allendale County Court of Common Pleas permitted FDIC to intervene in the action on September 23, 2016, as "the only proper counterclaims defendant." (*Id.* at 89–95.)

---

[2] Decedent Marion Riley, Jr. died on or about July 8, 2018. (ECF No. 94 at 2.) On August 8, 2018, the court permitted the substitution of Decedent Marion Riley with Dorothy S. Riley. (ECF Nos. 94, 99.)
[3] Palmetto State Bank's Amended Reply to Counterclaims is the first pleading which indicates the parties were before the Allendale County Court of Common Pleas and not a state magistrate judge. (ECF No. 1-5 at 46.)

Shortly after the intervention of FDIC, on November 17, 2016, Decedent Riley filed his Third Party-Complaint against Third-Party Defendants Walker Harter, Jr. and Walker Harter, Sr. (collectively, "the Harters") (*Id.* at 98–103.) Decedent Riley's claims were brought pursuant to the laws of negligence, conversion, outrage, breach of fiduciary duty, and breach of contract accompanied by a fraudulent act. (*Id.*) Decedent Riley seeks actual and punitive damages against the Harters. (*Id.*)

This matter was removed to the United States District Court for the District of South Carolina, by motion of the FDIC as Receiver for the Bank, on December 8, 2016. (ECF No. 1.) When removing the action to federal court, the FDIC invoked 12 U.S.C. § 1819(b)(2)(A) and 28 U.S.C. § 1441(b) as a basis for the court's subject-matter jurisdiction. (*Id.* at 4–5.) On December 20, 2018, the court filed its Consent Order of Dismissal, which dismissed the action with respect to the FDIC. (ECF No. 112 at 2.) Accordingly, the only remaining claims are those alleged by Decedent Marion Riley, Jr. against the Harters. (*Id.* at 2.)

Defendants also filed their Motion for Remand on December 20, 2018. (ECF No. 114.) Defendants "request that this matter be immediately remanded to [s]tate court" because the FDIC asserted federal question jurisdiction for removal under 12 U.S.C. § 1819(b)(2)(A) and 28 U.S.C. § 1441(b) and has been dismissed from the action. (*Id.* at 2.) Moreover, Defendants submit that "[t]he resolution of the remaining causes of action no longer implicates [f]ederal law." (*Id.*) Defendants' Motion is unopposed by any of the remaining parties to the action.

## II. LEGAL STANDARD

Generally, "any civil action in a [s]tate court of which the district courts of the United States *have original jurisdiction*, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is

pending." 28 U.S.C. § 1441(a) (emphasis added). As it relates to removal to federal court, an action may be removed when there is a claim "arising under the Constitution, laws, or treaties of the United States" and one "not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute . . . ." 28 U.S.C. § 1441(c)(1)(A)–(B). "In any case removed from a [s]tate court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise." 42 U.S.C. § 1447(a). When a case is removed to a federal district court, "[a] motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (emphasis added). However, because federal courts have limited jurisdiction, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, *the case shall be remanded.*" *Id.* (emphasis added).

Subject-matter jurisdiction "involves a court's power to hear a case" and may never be "forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). A federal court has an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). Therefore, as stated above, when a federal district court lacks subject-matter jurisdiction over an action that has been removed from a state court, a federal district court is compelled to remand the action to state court for further legal proceedings. *See* 28 U.S.C. § 1447(c).

### III. DISCUSSION

#### A. Subject-Matter Jurisdiction Without the FDIC

Pursuant to 12 U.S.C. § 1819(b)(2)(A), "all suits of a civil nature at common law or in

5

equity to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States." Additionally, the FDIC "may, without bond or security, remove any action, suit, or proceeding from a [s]tate court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the [FDIC] or the [FDIC] is substituted as a party." 12 U.S.C. § 1819(b)(2)(B). Here, the court previously possessed subject-matter jurisdiction over the matter because the FDIC intervened in the action as a party (ECF No. 1-5 at 98–103) in the state court proceedings, thereby causing Palmetto Bank's Complaint to "arise under the laws of the United States" and be removable to this court. *See* 12 U.S.C. §§ 1819(b)(2)(A)–(B); 28 U.S.C. § 1441(c)(1)(A). *See also Barnes v. Harris*, 783 F.3d 1185, 1191 (10th Cir. 2015) ("Because the FDIC was a party to the state court action by virtue of its intervention, we conclude that the district court properly exercised jurisdiction over the removed action pursuant to 12 U.S.C. § 1819(b)(2)(A)."); *Heaton v. Monogram Credit Card Bank of G.A.*, 297 F.3d 416, 426 (5th Cir. 2002) ("Because the FDIC is entitled to intervene in this case, it is a party for purposes of § 1819(b)(2)(A), which conferred instant subject matter jurisdiction over the case."); *Am. Int'l Enters., Inc. v. Fed. Ins. Deposit Corp.*, 3 F.3d 1263, 1267 (9th Cir. 1993) ("As the FDIC is a party to the [plaintiff's] civil suit, that suit is conclusively presumed to arise under the laws of the United States, and thus is within the original subject matter jurisdiction of the proper federal district court." (quoting *Buchner v. Fed. Ins. Deposit Corp.*, 981 F.2d 816, 819 (5th Cir. 1993))); *Palmetto State Bank v. Riley*, C/A No. 1:16-cv-03842-JMC, 2017 WL 4160970, at *5 (D.S.C. Sept. 19, 2017) (holding that the court possessed subject-matter jurisdiction over the instant action). The FDIC properly removed the action to this court on December 8, 2016, well within ninety (90) days of becoming a formal party to the action on September 23, 2016 (ECF Nos. 1, 1-5). 12 U.S.C. § 1819(b)(2)(B).

On December 20, 2018, the court filed its Consent Order of Dismissal. (ECF No. 112.) Within the Consent Order, the court dismissed the action with respect to the FDIC. (*Id.* at 2.) There are three possible outcomes with respect to a federal court's subject-matter jurisdiction when the FDIC's presence federalized the entire action, but the FDIC is subsequently dismissed from the case: (1) "a court retains 'arising under' jurisdiction over the remaining state law claims pursuant to § 1819(b)(2)(A) because the FDIC's presence effectively federalized the entire action"; (2) "a court lacks 'arising under jurisdiction' over the remaining claims, but retains the discretion to exercise supplemental jurisdiction over those claims pursuant to 28 U.S.C. § 1367"; and (3) "a court lacks 'arising under' jurisdiction over the remaining claims and must remand the action pursuant to 28 U.S.C. § 1447(c)." *Hayes-Broman v. J.P. Morgan Chase Bank, N.A.*, 724 F. Supp. 2d 1003, 1012–13 (D. Minn. 2010) (citations committed). While the United States Court of Appeals for the Fourth Circuit has yet to opine on whether a federal court completely retains jurisdiction after the dismissal of the FDIC from an action, at least two other federal district courts within the Fourth Circuit have remanded actions to state court after the dismissal of the FDIC. *See Kramer v. Fed. Deposit Ins. Corp.*, C/A No. 1:08-1430, 2016 WL 128542, at *1–2 (S.D.W. Va. Jan. 12, 2016) ("Once the FDIC was dismissed as a party herein, the court's basis for federal question subject matter jurisdiction under 12 U.S.C. § 1819(b)(2) no longer existed." (citing *Rogers Mantese & Assocs. v. Corp One, Inc.*, 929 F. Supp. 2d 731 (D. Mich. 2013))); *King v. Golden*, C/A No. 2:09–cv–0001, 2009 WL 3733050, at *1–2 (S.D.W. Va. Nov. 6, 2009) ("This jurisdictional ground is abolished, however, because this court has dismissed [the] FDIC as a party to this action."). The court discerns no persuasive reason to deviate from this current trend among other district courts within the Fourth Circuit and finds their reasoning to be persuasive. *See generally Rogers Mantese & Assocs.*, 929 F. Supp. 2d at 735 (noting the circuit split among the

federal courts of appeals concerning whether a federal district court must retain jurisdiction over an action after the FDIC's dismissal).

With the dismissal of the FDIC from this action, the court's jurisdictional ground under 12 U.S.C. § 1819(b)(2) is "abolished." *King*, 2009 WL 3733050, at *1–2. Therefore, the court's subject-matter jurisdiction under 12 U.S.C. § 1819(b)(2)(A), which was the basis for removal, is divested without the presence of the FDIC. *See Kramer*, 2016 WL 128542, at *1–2. Because the court now lacks subject-matter jurisdiction, it is compelled to remand this case, without further analysis, to the Allendale County Court of Common Pleas for want of subject-matter jurisdiction. 28 U.S.C. § 1447(c). However, the *Kramer* court did consider whether it should have exercised supplemental jurisdiction under 28 U.S.C. § 1367 over the pending state law claims, an issue to which this court will likewise turn. *See Kramer*, 2016 WL 128542, at *1–2.

**B. <u>Supplemental Jurisdiction of the Remaining Claims</u>**

Pursuant to the court's Consent Order of Dismissal, the only remaining claims are those alleged by Decedent Marion Riley, Jr. against the Harters, all of which are premised upon state law. (ECF No. 112 at 2.) Under 28 U.S.C. § 1367(a), federal district courts "shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Even though a federal district court "shall have supplemental jurisdiction" over related claims within the scope of the court's original jurisdiction, district courts "may decline to exercise supplemental jurisdiction over a claim" if (1) "the claim raises a novel or complex issue of [s]tate law"; (2) "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction"; (3) "*the district court has dismissed all claims over which it has original jurisdiction*"; or (4) "in exceptional circumstances, there are other

compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c) (emphasis added). Generally, when a federal district court has dismissed the only federal claim providing it with original jurisdiction, it may remand the remaining state law claims to state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."). The court possesses "wide latitude" in determining whether to retain supplemental jurisdiction under 28 U.S.C. § 1367(a). *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citing *Nobel v. White*, 996 F.2d 797, 799 (5th Cir. 1993)). The court considers "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Id.* (citations omitted).

Applying those factors to this case, in considering the convenience and fairness to the parties, this action was originally filed in state court as opposed to federal court. (*See* ECF No. 1.) Therefore, there was a clear preference for state court until the FDIC desired a federal forum, which ultimately weighs against the exercise of supplemental jurisdiction. *See generally Ndanyi v. Aureon HR I Inc.*, C/A No. 6:18-2531-HMH-JDA, 2018 WL 6065354, at *1–2 (D.S.C. Nov. 20, 2018) (overruling an objection asking the court to retain supplemental jurisdiction); *Varner v. SERCO, Inc.*, C/A No. 2:16-cv-2340-DCN, 2018 WL 1305426, at *4 (D.S.C. Mar. 12, 2018) (exercising supplemental jurisdiction when a plaintiff originally filed his lawsuit in federal court). Secondly, there are no federal policies underlying the state law claims because they are solely rooted in the common law in South Carolina, and, notwithstanding the presence of the FDIC, there

was never a federal claim for the court's consideration (ECF No. 1). *See generally Ferrara v. Hunt*, C/A No. 0:09–2112, 2012 WL 1044488, at *6 (D.S.C. Mar. 28, 2012) (holding that there was no federal policy in litigating remaining state law claims, brought under the South Carolina Tort Claims Act, for malicious prosecution and defamation in federal court because the only federal claim, brought under 28 U.S.C. § 1983, was dismissed); *Coker v. Int'l Paper Co.*, C/A No. 2:08–1865–DCN–BM, 2010 WL 1073643, at *3 (D.S.C. Mar. 18, 2010) ("The garden variety state contract and tort claims at issue do not implicate any underlying issues of federal policy.").

Third, comity favors allowing a state court to resolve the state law claims. *See generally Perkins v. S.C. Cmty. Bank*, C/A No. 3:14-3245-TLW, 2017 WL 121851, at *4 (D.S.C. Jan. 12, 2017). And lastly, judicial economy favors remand to state court because the parties have yet to brief the claims against the Harters, and state courts should have an opportunity to use their "expertise" in examining those claims. *CVLR Performance Horses, Inc. v. Wynne*, No. 6:11–CV–00035, 2013 WL 5786498, at *2 (W.D. Va. Oct. 28, 2013). On balance and taken together, all of the factors weigh in favor of remanding this matter to the Allendale County Court of Common Pleas.

### IV. CONCLUSION

After careful consideration of the Defendants' Motion and the record in this case, the court **GRANTS** Defendants' Motion for Remand (ECF No. 114). Accordingly, the court **REMANDS** this matter to the Allendale County Court of Common Pleas for further proceedings.

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 11, 2019
Columbia, South Carolina